IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02722-BNB

JUSTIN CANTERBURY,

    Plaintiff,

v.

FREMONT COUNTY DISTRICT COURT JUDGE JUDY MARSHAL,
FREMONT COUNTY DISTRICT ATTORNEY THOMAS LEDOUX, and
FREMONT COUNTY DEPUTY DISTRICT ATTORNEY STACEY TURNER,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Justin Canterbury, has filed *pro se* a Prisoner Complaint (ECF No. 1). Mr. Canterbury asserts claims pursuant to 42 U.S.C. § 1983 alleging that his constitutional right to post a reasonable bond has been violated. As relief Mr. Canterbury seeks damages for lost wages and reduction of his bond to a reasonable amount.

    First, Mr. Canterbury's request for a reduced bond is not appropriate in this action. As Mr. Canterbury was advised in a previous case in which he also challenged his increased bond, *see Canterbury v. Beicker*, No. 12-cv-02417-LTB (D. Colo. Sept. 28, 2012), the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), prohibits consideration by this Court of his claims challenging the increased bond. Therefore, only Mr. Canterbury's claims for damages against the named Defendants will be considered.

Mr. Canterbury has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss any claims in which Mr. Canterbury is seeking monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the Prisoner Complaint pursuant to § 1915(e)(2)(B)(iii).

The Court must construe the Prisoner Complaint liberally because Mr. Canterbury is not represented by an attorney in this action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Canterbury alleges that he is the defendant in a state court criminal case pending in Fremont County, Colorado. He further alleges that on July 26, 2012, Defendant Fremont County District Court Judge Judy Marshal revoked a $10,000.00 cash or surety bond and reissued a $50,000.00 cash-only bond. Mr. Canterbury contends that the $50,000.00 cash-only bond is excessive and that his constitutional right to post a reasonable bond has been violated because the only charges he faces are a class 6 felony and a class 1 misdemeanor. In addition to naming Judge Marshal as a Defendant in this action, Mr. Canterbury also names as Defendants Fremont County District Attorney Thomas Ledoux and Fremont County Deputy District Attorney Stacey Turner. Mr. Canterbury asserts that the district attorneys have violated his rights

because they agreed to the excessive bail.

Mr. Canterbury's claim for damages against Judge Marshal is barred by judicial immunity. Judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). It is clear that Mr. Canterbury is suing Judge Marshal for an action taken in her judicial capacity and he fails to demonstrate or allege that Judge Marshal was acting in the clear absence of all jurisdiction. Even if Mr. Canterbury alleged that Judge Marshal acted maliciously or corruptly, the doctrine of absolute judicial immunity still bars his claim for damages in this action. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Mr. Canterbury also may not sue the individual prosecutors in this § 1983 action. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Therefore, the claims for damages against the individual prosecutors also will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because Plaintiff is seeking relief from Defendants who are entitled to immunity. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  30th  day of    October   , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court